UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Civil Action No. 5:23-cv-00089-CRS-LLK

**RICHARD M.**                                                                                                    **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**                        **DEFENDANT**

### REPORT AND RECOMMENDATION

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. [Doc. 1]. Plaintiff filed an opening brief, the Commissioner filed a responsive brief (fact/law summary), and Plaintiff filed a reply brief. [Doc. 3, 16, 17]. The Court referred the matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. [Doc. 10].

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### The ALJ's decision

On June 15, 2020, an ALJ issued a prior decision in this case denying Plaintiff's DIB claim. [Administrative Record, Doc. 9 at 65-74]. The ALJ's decision became final when Plaintiff did not appeal.

Plaintiff filed a new DIB claim alleging that he became disabled on June 16, 2020, the day after the prior decision.

On March 16, 2022, the ALJ issued the Commissioner's final decision in this case. *Id.* at 20-30. The ALJ denied Plaintiff's claim for DIB, finding lack of disability from June 16, 2020, when he alleges that he became disabled, through December 31, 2020, when his insured status for DIB expired. *Id.*

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that, for the relevant period between June 16, 2020, and December 31, 2020, Plaintiff did not engage in substantial gainful activity. *Id.* at 23.

Second, the ALJ found that Plaintiff had the following severe, or vocationally significant, impairments: asthma, bladder cancer, degenerative disc disease, and right knee disorder (patellofemoral). *Id.*

Third, the ALJ found that Plaintiff did not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.*

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding his impairments, Plaintiff could:

> … perform sedentary work as defined in 20 CFR 404.1567(a) … could occasionally climb ramps and stairs, but never ladders, ropes or scaffolds … could occasionally stoop, kneel, crouch and crawl … could have occasional exposure to temperature extremes and occasional exposure to concentrated atmospheric conditions … should have no exposure to moving mechanical parts and unprotected heights … should have ready access to a bathroom, which is described as a five minute walk or less from the workstation.

*Id.*

Fourth, the ALJ found that Plaintiff was unable to perform any past relevant work. *Id.* at 28.

Fifth, the ALJ found that Plaintiff could perform a significant number of unskilled, sedentary jobs in the national economy such as address clerk, label cutter, and folder. *Id.* at 29.

## Legal Standards

Because Plaintiff filed his DIB claim in December 2020 [Doc. 12 at 20], the new rules for weighing medical opinions apply. *See* 20 C.F.R. § 404.1520c ("For claims filed ... on or after March 27, 2017, the rules in this section apply."). Under the new rules, special evidentiary weight is no longer given to the opinion of a treating medical source. 20 C.F.R. § 404.1520c(a). In determining the persuasiveness of a medical opinion, an ALJ must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors." 20 C.F.R. § 404.1520c(c)(1)-(5). But the ALJ need only explain how

he/she considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2).

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

The substantial-evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r*, 581 F.3d 399, 405 (6th Cir. 2009). A reviewing court decides only whether substantial evidence supports the ALJ's decision. *Id.* If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion. *Id.*

**Discussion**

Plaintiff argues that the ALJ's residual functional capacity (RFC) finding, which limited him to sedentary work, is not supported by substantial evidence because "the ALJ erred by failing to properly address Plaintiff's reported symptoms." [Doc. 13].

In determining a claimant's RFC, an ALJ typically considers three matters: 1) the res judicata effect of any prior RFC determination, 2) the weight to be given to any medical opinion bearing on RFC, and 3) the limiting effects of pain and other subjective symptoms.

In this case, the ALJ acknowledged that there was a prior RFC determination that found Plaintiff can perform light work. [Doc. 9 at 24 referencing prior decision dated June 15, 2020, at Doc. 9 at 65-74]. The ALJ found that Plaintiff's condition has worsened since the prior decision such that he is now restricted

to sedentary work but "through the date last insured, there was nothing suggesting he was unable to perform a range of sedentary work as described in the above residual functional capacity." *Id.*

Plaintiff does not allege that there is any medical opinion undermining the ALJ's RFC determination.

Plaintiff alleges that the limiting effects of his pain and other subjective symptoms preclude even sedentary work.

In determining the limiting effects of pain and other subjective symptoms, an ALJ may consider:

1. Daily activities;

2. The location, duration, frequency, and intensity of pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

Social Security Ruling (SSR) 16-3P, 2016 WL 1119029, at *7. Plaintiff argues that the ALJ's decision does not comport with applicable legal standards because it "does not address any of these factors and focuses solely upon her own recitation of the objective evidence." [Doc. 13 at PageID.1144].

The argument is unpersuasive because, as Plaintiff acknowledges, "an ALJ is not required to discuss every single piece of evidence." *Id.* at 1147. Similarly, SSR 16-3P provides:

We will consider other evidence to evaluate only the factors that are relevant to assessing the intensity, persistence, and limiting effects of the individual's symptoms. If there is no information in the evidence of record regarding one of the factors, we will not discuss that specific factor in the determination or decision because it is not relevant to the case. We will discuss the factors pertinent to the evidence of record.

2016 WL 1119029, at *7.

Next, Plaintiff argues that certain changes brought about by SSR 16-3P rendered "obsolete" the historic rule of "heighted deference" upon judicial review of findings by ALJs regarding the limiting effects of symptoms. [Doc. 13].

It lies within the province of the ALJ—and not a reviewing court—to assess the limiting effects of pain and other subjective symptoms.  *Rogers v. Comm'r*, 486 F.3d 234, 247 (6th Cir. 2007).  Therefore, "absent a compelling reason," an ALJ's pain-credibility assessment will not be disturbed.  *Smith v. Comm'r*, 307 F.3d 377, 379 (6th Cir. 2001); *see also Ritchie v. Comm'r*, 540 F. App'x 508, 511 (6th Cir. 2013) ("[A]n administrative law judge's credibility findings are virtually unchallengeable.").

SSR 16-3P replaced SSR 96-97.  Whereas SSR 96-97 referred to an ALJ's assessment of subjective symptoms as the "credibility" determination, SSR 16-3P states that "we are eliminating the use of the term 'credibility' … [to] clarify that subjective symptom evaluation is not an examination of an individual's character" or truthfulness.  2016 WL 1119029, at *1.  SSR 16-3P prefers the term "consistency" in the sense of analyzing the "extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record."  *Id.* at *2.

Plaintiff's argument is unpersuasive because SSR 16-3p did not "substantially change existing law," including the rule of heightened deference.  *Deanna S. v. Comm'r*, No. 1:22-CV-602, 2023 WL 6295807, at *3 (S.D. Ohio Sept. 27, 2023) (collecting authorities).

Next, Plaintiff argues that the rule of heightened deference is inappropriate in his case because it is grounded in an ALJ's "duty of observing a witness's demeanor and credibility." [Doc. 13 quoting *Calvin v. Comm'r*, 437 F. App'x 370, 371 (6th Cir. 2011)].  In this case, Plaintiff testified via telephone (as opposed to live due to COVID-19).

Plaintiff's argument is unpersuasive because (the Commissioner persuasively argues that) "[e]ven though Plaintiff appeared by telephone, the ALJ nevertheless still had the opportunity to observe his

5

demeanor, not visually, but by the pitch, volume, intonation, inflection, tempo, and rhythm of his voice, as well as his oral and vocal delivery." [Doc. 16 at PageID.1162].

Finally, Plaintiff argues that the ALJ's findings that, in light of his bladder cancer, he "should have ready access to a bathroom, which is described as a five minute walk or less from the workstation" [Doc. 9 at 23] is inconsistent with the vocational testimony that he would be unemployable if he is must be off task 15% of the workday or more [Doc. 9 at 57]. The ALJ uncritically noted that Plaintiff testified to needing to urinate every 45 minutes and that medical records indicate he reported needing to urinate every 30-45 minutes. *Id.* at 25.

Admittedly, a person having to urinate every 30 to 45 minutes, with five-minute walks to and from the bathroom would likely have difficulty keeping his off-task time below 15% of the workday. Nevertheless, Plaintiff's argument is unpersuasive because it wrongly assumes that the ALJ fully accepted Plaintiff's testimony of needing to urinate every 30 to 45 minutes. In fact, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." [Doc. 9 at 25]. Implicitly, the ALJ found that Plaintiff's urinary frequency is such that he could keep his off-task time below 15% of the workday.

## RECOMMENDATION

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

December 18, 2023

Lanny King, Magistrate Judge
United States District Court

6

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

December 18, 2023

Lanny King, Magistrate Judge
United States District Court