UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:23-CV-89-CRS-LLK

RICHARD M.                                                                          PLAINTIFF

v.

MARTIN O'MALLEY,
*Commissioner of the Social Security Administration*[1]                DEFENDANT

## MEMORANDUM OPINION & ORDER

The Commissioner of the Social Security Administration denied Richard M.'s

("Claimant's") claims for disability insurance benefits under Title II of the Social Security Act.

Claimant seeks judicial review of that decision pursuant to 42 U.S.C. § 405(g). This matter was

referred to the United States Magistrate Judge for preparation of a report and recommendation.

On December 18, 2023, the magistrate judge recommended that the Commissioner's decision be

affirmed. Report, DN 18. On January 2, 2024, Claimant filed a timely Objection to the Report.

DN 19. Thus, this matter is now before the court for consideration of Claimant's Objection.

## I. Background

On December 2, 2020, Claimant filed his DIB application alleging disability due to

asthma, bladder cancer, degenerative disc disease, and right knee disorder. His claim was denied

initially and on reconsideration. Claimant requested a hearing, and his request was granted.

A telephonic hearing was held January 27, 2022. An impartial vocational expert testified at the

hearing. On March 16, 2022, the ALJ issued a written decision. After evaluating the evidence

under the required five-step process, the ALJ concluded that Claimant was not disabled within

the meaning of the Social Security Act. Claimant requested review by the Appeals Council.

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to FED. R. CIV. P. 25(d), he is substituted for former Acting Commissioner Kilolo Kijakazi.

On February 2, 2023, his request was denied. As a result, the ALJ's decision became final and subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a).

## II. Standard of Review

The court conducts a de novo review of the portions of the magistrate judge's Report to which Claimant has filed timely and specific written objections. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). To be specific, an objection must "pinpoint those portions of the" magistrate judge's "report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). After considering all specific objections, the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

In reviewing findings by an ALJ, the court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). If the ALJ commits an error of law, the court must reverse and remand, even when the decision is otherwise supported by substantial evidence and the outcome on remand is unlikely to be different. *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 859 (6th Cir. 2011).

## III. Analysis

Often, a claimant is disabled not because of his "underlying condition," but because of "the symptoms associated with" the condition. *Rogers*, 486 F.3d at 247. Thus, one of the ALJ's most important tasks is to evaluate a claimant's symptoms. SSR 16-3p and 20 C.F.R. § 404.1529(c) govern symptom evaluation. There are two steps to symptom evaluation, the first of which informs the second. First, the ALJ must determine whether the claimant has a medically determinable impairment that could be reasonably expected to produce the alleged symptoms.

20 C.F.R. § 404.1529(c)(1). Second, where such a medically determinable impairment is present, the ALJ must evaluate the persistence, intensity, and limiting effects of the alleged symptoms. *Id.* at (c)(2)–(3). As to the second inquiry, the ALJ must consider two types of evidence: (1) the objective medical evidence of record, *id.* at (c)(2); and (2) other evidence, *id.* at (c)(3). There are seven buckets of other evidence:

1. Your daily activities;
2. The location, duration, frequency, and intensity of your pain or other symptoms;
3. Precipitating and aggravating factors;
4. The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
5. Treatment, other than medication, you receive or have received for relief of pain or other symptoms;
6. Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
7. Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

*Id.* at (c)(3)(i)–(vii); SSR 16-3p, 2017 WL 5180304, at *7.

An ALJ need not consider all seven buckets of other evidence in every case, but she is required to "discuss the factors pertinent to the evidence of record." *Id.* Other evidence must be considered because "symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone". 20 C.F.R. § 404.1529(c)(2); SSR 16-3p, 2017 WL 5180304, at *5. Thus, an ALJ may not reject a claimant's account of his symptoms based on objective medical evidence alone. *Id.* at *5; 20 C.F.R. § 404.1529(c)(2)–(3); *Rogers*, 486 F.3d at 248. Moreover, the ALJ's decision must "contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 5180304, at *10.

Claimant contends the ALJ did not comply with SSR 16-3p and § 404.1529(c) because she did not consider other evidence when evaluating the intensity, persistence, and limiting effects of his symptoms. Fact & Law Summ., DN 13 at PageID# 1144. Instead, Claimant submits the ALJ considered only objective medical evidence (to the exclusion of all other evidence) to conclude that his alleged symptoms were inconsistent with the evidence of record. *Id.*

Upon review, the magistrate judge found no error in the ALJ's analysis. He was unpersuaded by Claimant's argument for two reasons: (1) SSR 16-3p and § 404.1529(c) require an ALJ to address only those "factors pertinent to the evidence of record;" and (2) an ALJ need not discuss every piece of evidence. Report, DN 18 at PageID# 1177 (quoting SSR 16-3p, 2017 WL 5180304, at *7).[2] Thereafter, the magistrate judge concluded the ALJ's decision was supported by substantial evidence and recommended the Court affirm. *Id.* at PageID# 1179.

Claimant specifically objects to the magistrate judge's conclusion that the ALJ complied with SSR 16-3p and § 404.1529(c). Objection, DN 19 at PageID# 1181. His Objection is well-taken. The magistrate judge did not consider whether the ALJ used other evidence when evaluating Claimant's symptoms, as required by SSR 16-3p and § 404.1529(c). *See* Report,

---

[2] In full, the magistrate judge's analysis of this issue reads as follows:

> Plaintiff argues that the ALJ's decision does not comport with applicable legal standards because it 'does not address any of [the SSR 16-3p] factors and focuses solely upon her own recitation of the objective evidence.'
>
> The argument is unpersuasive because, as [Claimant] acknowledges, 'an ALJ is not required to discuss every single piece of evidence.' Similarly, SSR 16-3p provides:
>
>> We will consider other evidence to evaluate only the factors that are relevant to assessing the intensity, persistence, and limiting effects of the individual's symptoms. If there is no information in the evidence of record regarding one of the factors, we will not discuss that specific factor in the determination or decision because it is not relevant to the case. We will discuss the factors pertinent to the evidence of record.

Report, DN 18 at PageID# 1177 (internal quotations omitted).

DN 18 at PageID# 1177. Instead, because the ALJ did not address the other evidence factors, he assumed none were at issue. Therefore, the magistrate judge did not meaningfully engage with Claimant's assertion of legal error—an assertion which, if true, would warrant remand despite the magistrate judge's finding that the decision is otherwise supported by substantial evidence. *Kalmbach*, 409 F. App'x at 859.

Here, the ALJ acknowledged that both SSR 16-3p and § 404.1529(c) govern, and that she "must consider other evidence in the record to determine if the claimant's symptoms limit" his ability to work. ALJ Op., DN 9 at PageID# 50. She then used other evidence to identify the symptoms alleged by Claimant. *Id.* at PageID# 50–51 (referencing Claimant's disability applications, hearing testimony, and the statement of his wife). The ALJ's evaluation of those symptoms followed, with extensive discussion of the objective evidence of record. *Id.* at PageID# 51–53. In the end, the ALJ concluded that Claimant's "statements concerning the intensity, persistence and limiting effects of" his "symptoms are not entirely consistent with the medical evidence and other evidence in the record". *Id.* at PageID# 51.

Regrettably, the ALJ's analysis did not comply with SSR 16-3p and § 404.1529(c) for three reasons. First, while the ALJ concluded that Claimant's account of his symptoms was unsupported by "other evidence", *id.* at PageID# 51, she failed to articulate why. *See id.* at PageID# 51–54. That is, the ALJ did not discuss her consideration of other evidence when evaluating the persistence, intensity, and disabling effect of Claimant's symptoms. That oversight precludes this subsequent reviewer from understanding how the ALJ reached her conclusion, and thus prevents meaningful review. SSR 16-3p, 2017 WL 5180304, at *10 (requiring an ALJ's symptom evaluation be clearly articulated for a subsequent reviewer).

Second, relatedly, the ALJ cited other evidence for the sole purpose of identifying Claimant's alleged symptoms. ALJ Op., DN 9 at PageID# 50–51. That is insufficient, as the applicable regulations task ALJs with using other evidence to *evaluate* Claimant's symptoms. 20 C.F.R. § 404.1529(c)(2)–(3); SSR 16-3p, 2017 WL 5180304, at *7.

And third, although the ALJ complied in part with SSR 16-3p by providing specific reasons for her decision to discount the weight of Claimant's statements, SSR 16-3p, 2017 WL 5180304, at *10 (requiring the ALJ provide specific reasons for discounting Claimant's statements), all the reasons she gave are derived from objective medical evidence. ALJ Op., DN 9 at PageID# 53, 54 (citing objective medical records). But both SSR 16-3p and § 404.1529(c)(2) preclude an ALJ from relying exclusively on objective medical evidence to reject a claimant's statements about his symptoms. SSR 16-3p, 2017 WL 5180304, at *5 ("We will not evaluate an individual's symptoms based solely on objective medical evidence unless that objective medical evidence supports a finding that the individual is disabled."); 20 C.F.R. § 404.1529(c)(2)–(3) (same); *Rogers*, 486 F.3d at 248 (same).   All three legal errors warrant remand. *Kalmbach*, 409 F. App'x at 859.

## IV. Conclusion

Because the ALJ did not comply with SSR 16-3p and § 404.1529(c), the magistrate judge erred in recommending that the Commissioner's decision be affirmed. Thus, after careful consideration, the court **SUSTAINS** Claimant's Objection, DN 19, and rejects the magistrate judge's Report and Recommendation, DN 18. This action is **REMANDED** to the Commissioner for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

A separate judgment will be entered contemporaneously with this Order.

There being no just reason for delay, this is a **final Order**

**IT IS SO ORDERED.**

May 21, 2024

Charles R. Simpson III, Senior Judge
United States District Court